CC TO JUDGE ___DJ___

____ FILED ____ ENTERED
____ LODGED ____ RECEIVED

AUG -- 8 2003     **DJ**

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

03-CV-01228-CMP

The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CYNTHIA STEELE, <br><br> Plaintiff, <br><br> v. <br><br> SHERRON ASSOCIATES, Inc.; and NAP/Springman Fund XI (Fairwood), LLC. <br><br> Defendant. | No. C03-1228Z <br><br> **FIRST AMENDED COMPLAINT** <br><br> **JURY TRIAL REQUESTED** |

Plaintiff Cynthia Steele alleges:

## I. INTRODUCTION

This is an action for declaratory judgment, equitable relief, and monetary damages instituted to secure the protection of and to redress the deprivation of rights secured through RCW 49.60.180 and through Title VII of the Act of Congress commonly known as "The Civil Rights Act of 1964", as amended by the Civil Rights Act of 1991, 42 USC Sec. 2000(e), et seq. (hereafter "Title VII"), as well as 42 USC 1981. These laws provide for relief against discrimination in employment on the basis of sex, religion, and race. The Plaintiff alleges that Defendant discriminated against, harassed and retaliated against

AMENDED COMPLAINT, Page - 1

ORIGINAL

THE BLANKENSHIP LAW FIRM, P.S.
28th Floor, Washington Mutual Tower
1201 Third Avenue
Seattle, Washington 98101
(206) 343-2700

her because of her sex, religious belief, and race and ultimately terminated her in retaliation for her complaints to management of sexual harassment by a co-worker.

The Plaintiff also seeks compensatory damages under the above statutes and for intentional and negligent infliction of emotional distress, negligent hiring, supervision and retention, battery and assault. The Plaintiff seeks monetary and injunctive relief, including pecuniary and non-pecuniary damages, and punitive damages to the fullest extent allowed under the law.

## II. JURISDICTION

1. This court has jurisdiction because Plaintiff alleges claims that comprise federal questions under 28 U.S.C. § 1331. Jurisdiction of the Court is also invoked pursuant to 28 U.S.C. §1331, 1337, 1343 and 1345.

2. All jurisdictional prerequisites have been fulfilled.

3. On January 9, 2003, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging discriminatory conduct by Defendants. Plaintiff's charge was timely filed.

4. On March 6th, 2003, the EEOC issued a Notice of Right to Sue.

5. Jurisdiction before this court is proper under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended, as Plaintiff has fully complied with all administrative prerequisites prior to the institution of this action.

6. At all times relevant herein, the practices alleged to be unlawful were committed within the jurisdiction of the federal District Court for the Western District of Washington at Seattle.

7. This court has jurisdiction over Plaintiff's related state claims pursuant to 28 U.S.C. § 1367.

AMENDED COMPLAINT, Page - 2

THE BLANKENSHIP LAW FIRM, P.S.
28th Floor, Washington Mutual Tower
1201 Third Avenue
Seattle, Washington 98101
(206) 343-2700

### III. PARTIES AND VENUE

8. Plaintiff Cynthia Steele ("Steele") is a United States citizen and a resident of King County, Washington.

9. Defendant SHERRON ASSOCIATES, Inc. ("Sherron") is a Washington corporation doing business as "Fairwood Landing Apartments."

10. NAP/Springman Fund XI (Fairwood), LLC ("Fairwood") is a Washington Limited Liability Company. Defendant Sherron is an integrated enterprise with Fairwood and effectively oversees and controls issues dealing with employees, including Ms. Steel.

11. Defendants conduct business in King County, Washington.

12. Defendants are employers within the meaning of 42 USC Sec. 2000e (a) and (b) and RCW 49.60 et. seq. At all times relevant to this action, Defendants have employed at least fifteen (15) or more employees.

13. Defendants are an "employer" within the meaning of the WLAD and Title VII and other relevant statutes.

14. At all relevant times, Defendants have continuously been engaged in an industry affecting commerce within the meaning of Title VII and the Washington Law Against Discrimination.

### IV. STATEMENT OF CLAIMS

15. Defendants engaged in unlawful employment practices at their facility in Renton, Washington during the time Plaintiff was employed by Defendants, in violation of Title VII, 42 U.S.C. § 1981, and RCW 49.60 et seq.

16. Defendants affected the terms and conditions of Ms. Steele's employment by subjecting her to a hostile and offensive work environment due to sex, religion and race.

AMENDED COMPLAINT, Page - 3

THE BLANKENSHIP LAW FIRM, P.S.
28th Floor, Washington Mutual Tower
1201 Third Avenue
Seattle, Washington 98101
(206) 343-2700

17. Defendants also unlawfully retaliated against Ms. Steele in violation of the aforementioned statutes. Defendant further failed to take prompt and effective remedial measures after she complained.

18. The effect of the practices complained of in the above paragraphs has been to discriminatorily deprive Ms. Steele of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex, religion, race, and participation in protected activities.

19. The unlawful employment practices complained of in the above paragraphs were intentional.

20. The unlawful employment practices complained of in the above paragraphs were done with malice or with reckless indifference to Plaintiff's rights as protected by federal and state laws.

21. Defendants had a duty to refrain from inflicting emotional distress upon the Plaintiff, but negligently breached this duty. As a result of this breach of duty by Defendants, Plaintiff suffered damages in an amount to be proved at trial.

22. Defendants acted intentionally or recklessly, thereby causing severe emotional distress to Plaintiff. As a result of this breach of duty by Defendants, Plaintiff suffered damages in an amount to be proved at trial.

23. Defendants failed to act to eliminate the discrimination, harassment and retaliation at their Renton, Washington facility, and were negligent in hiring, supervision and retention of managers, supervisory employees and other employees, thus breaching a duty they owed to Plaintiff. As a result of this breach of duty by Defendants, Plaintiff suffered damages in an amount to be proved at trial.

24. Miguel Castillo, an agent of Defendants, made physical contact with Ms. Steel in a manner that she found to be both harmful and offensive.

25. Miguel Castillo's actions comprise the torts of assault and battery.

AMENDED COMPLAINT, Page - 4

THE BLANKENSHIP LAW FIRM, P.S.
28th Floor, Washington Mutual Tower
1201 Third Avenue
Seattle, Washington 98101
(206) 343-2700

26. Defendants ratified or acquiesced in Miguel Castillo's assault and battery of Ms. Steel.

27. Defendants wrongfully terminated Plaintiff's employment in contravention of Washington's public policy against discrimination and retaliation as articulated in RCW 49.60.

## V.   PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this court enter judgment against Defendants jointly and severally as follows:

A. Granting a permanent injunction enjoining Defendants, their officers, successors, agents, assigns, and all persons in active concert or participation with them, from engaging in any other employment practice which discriminates on the basis of sex and gender.

B. Ordering Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees, and which eradicate the effects of its past and present unlawful employment practices.

C. Ordering Defendants to make Plaintiff whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Ordering Defendants to make Plaintiff whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in the above paragraphs, including out-of-pocket expenses, in amounts to be determined at trial.

E. Ordering Defendants to make Plaintiff whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained

THE BLANKENSHIP LAW FIRM, P.S.
28th Floor, Washington Mutual Tower
1201 Third Avenue
Seattle, Washington 98101
(206) 343-2700

of in the above paragraphs, including without limitation emotional pain, suffering, and loss of enjoyment of life, in amounts to be determined at trial.

F.  Ordering Defendants to pay the tax consequences of any award that Plaintiff may recover at trial.

G.  Ordering Defendants to pay Plaintiff punitive damages for their malicious or reckless conduct, described in the above paragraphs, under Title VII and 42 U.S.C. § 1981, in amounts to be determined at trial.

H.  Awarding Plaintiff the costs of this action, including attorneys' fees to the full extent required by law and the statutes cited above.

I.  Grant any additional or further relief as provided by law, which this Court finds appropriate, equitable, or just.

DATED this __8__ day of __August__ 2003.

THE BLANKENSHIP LAW FIRM, P.S.

By: _____
Scott C.G. Blankenship
WSBA No. 21431
Robert A. Dunbabin, Jr.
WSBA No. 29604
Attorneys for Plaintiffs

AMENDED COMPLAINT, Page - 6

THE BLANKENSHIP LAW FIRM, P.S.
28th Floor, Washington Mutual Tower
1201 Third Avenue
Seattle, Washington 98101
(206) 343-2700

## DECLARATION OF SERVICE

The undersigned hereby declares under penalty of perjury under the laws of the State of Washington that, on the below date, I mailed or caused delivery of a true copy of this document to:

Ms. Susan Rae Fox, Esq.
Ryan, Swanson & Cleveland PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034

at her regular offices.

DATED this 8th day of August 2003 at Seattle, Washington.

*[signature]*

AMENDED COMPLAINT, Page - 7

THE BLANKENSHIP LAW FIRM, P.S.
28th Floor, Washington Mutual Tower
1201 Third Avenue
Seattle, Washington 98101
(206) 343-2700